COX, BRAINARD & CO. *vs.* FOSCUE.

[ACTION AGAINST OWNERS OF STEAMBOAT FOR NEGLIGENCE.]

1. *Liability of steamboat-men, as common carriers, in matter of transhipment of freight.*
If goods are properly transhipped from one boat to another, under circum-
stances which justify such transhipment, it is not the duty of the first boat
to take them on board again after the immediate risk or danger is past;
nor are the owners of that boat liable for the subsequent loss of the goods
on the other boat, although they could have received them again on their
own boat after the danger which caused the transhipment was past.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by F. F. Foscue against the
appellants, as common carriers, to recover damages for
the loss of two bales of cotton, which were shipped on
board of the steamboat *Eliza Battle,* of which boat the
defendants were the owners, consigned to Goode & Ulrick
at Mobile, but never delivered. The only plea was the
general issue. The facts disclosed on the trial, as stated
in the bill of exceptions, were substantially as follows:
The bill of lading for the plaintiff's cotton contained the
usual exceptions as to "dangers of the river and fire."
While the *Eliza Battle* was proceeding down the river, after
shipment of plaintiff's cotton, she ran aground; and while
in this condition, a part of her cargo, including the plain-
tiff's cotton, was transferred to the steamer *Jennie Bealle,*
which passed the other boat while aground. The *Eliza
Battle* was got off by thus lightening her, and continued
on her way down the river, without taking back any of
her cargo from the *Jennie Bealle,* although the witnesses
thought she might safely have retaken the cotton. The
*Jennie Bealle* afterwards ran aground, and was lightened
in like manner by transferring the cotton to the steam-
boat *Sallie Spann;* and the latter boat, with all her cargo,
was afterwards destroyed by accidental fire.

46

Cox, Brainard & Co. v. Foscue.

"The court charged the jury, among other things,—

"1. That in case of grounding, if the grounding was by reason of any negligence of the defendants, they would be responsible for all the consequences of the transhipment and loss, if occurring by reason of the transhipment and loss, if occurring by reason of the transhipment.

"2. That if the grounding was not by negligence, then, if it became necessary to lighten the *Eliza Battle* in order to get her off, their first duty would be to land the cotton, if practicable, and take it on again after she got off and continued on her voyage.

"3. That if this could not conveniently be done, then it was proper to put it on another steamer; to lighten the *Eliza Battle* and save her from destruction; but, if the jury believed that, by being so lightened, the *Eliza Battle* got afloat again, and, directly after she got afloat, could have taken the transhipped cotton back again, it was her duty to do so; and if she could have done it, but did not, the defendants would be liable for the cotton, if burned on the *Sallie Spann*: that the exemption from loss by fire did not extend to the cotton on the *Sallie Spann*, but, in such case, only on the *Eliza Battle*."

The third charge, to which the defendants below excepted, is the only matter now assigned as error.

GEO. N. STEWART, for the appellants, cited the following authorities: Parsons' Mercantile Law, 349, and notes; 4 Johns. Ch. 218; Angell on Carriers, § 187; 1 Arnould on Insurance, 184; Abbott on Shipping, m. p. 365, and notes on p. 450; Flanders on Shipping, §§ 237, 240, 242, 244, 245, 257; 2 Kent's Com. 468; 15 Wendell, 474; 17 Howard's (U. S.) Rep. 109; 19 *ib.* 166.

WM. BOYLES, and THOS. H. HERNDON, *contra*, cited Abbott on Shipping, 451; 1 Arnould on Ins., 181; Law Register for June, 1857, p. 459; 9 Ad. & El. 314; 5 Barn. & Ald. 19, 123; 6 Pick. 141; 7 Eng. Law & Eq. R. 467; 8 Watts & Serg. 44; 6 Ohio, 359; 2 Scam. (Ill.) 288; 1 B. Monroe, 339; 5 Johns. 362; 8 Missouri, 99; 7 Howard, (U. S.) 586; 13 Mees. & W. 236; 12 East, 381; 11 C. B. Rep. 176–88.

RICE, C. J.—On the trial in the court below, there was evidence tending to show that, whilst the steamboat *Eliza Battle* was descending the Tombeckbe river, having on board the plaintiff's cotton, destined for Mobile, the voyage was interrupted by "the grounding" of the boat, without any negligence whatever; that whilst she was aground, and in a position of peril, another steamboat, called the *Jennie Bealle*, equally well fitted for carrying the cotton to its destination, and then on the way to Mobile, and not near loaded, came down the said river, and, without grounding, passed the *Eliza Battle*, and stopped; that about one hundred and ten bales of cotton, including the plaintiff's cotton, were then transhipped from the *Eliza Battle* to the *Jennie Bealle;* that after receiving this cotton, the *Jennie Bealle* did not have as much, by several hundred bales, as she was capable of carrying; and that by the transhipment the *Eliza Battle* got afloat. The circumstances which induced and attended the transhipment are detailed in the record, but need not here be stated. It is enough to say, that they tended to prove that the transhipment was justifiable.

The court gave three charges, to the third of which only exception was taken. The first and second charges will not, therefore, be considered by us, for any other purpose than to enable us to understand more fully the import of the third charge. Construing that charge in connection with the 1st and 2d charges, and with the evidence, we understand the court therein to assert as law the following proposition, to-wit, that although the transhipment of the cotton from the *Eliza Battle* to the *Jennie Bealle* "was proper"; yet, if thereby the *Eliza Battle* "got off and afloat again," and if directly after she got afloat she *could have taken back* the cotton "transhipped," it was her *duty* to do so; "and if she *could* have done it, and did not, the defendants would be liable for the cotton, if burned on the *Sallie Spann*."

It strikes us that the foregoing proposition, asserted by the court below, is founded upon a misconception of the nature and legal effect of a "proper" transhipment—that is, of a transhipment which the law would sanction as one

authorized by the circumstances. Such a transhipment discharges the obligation of the master of the vessel making it, to carry the goods to their destination in his own vessel, and gives rise to new rights and new liabilities on the part of the master and owners of the vessel to which the goods are transferred by the transhipment. After such transhipment, and the springing up of such new rights and new liabilities, and the discharge of the obligation of the master of the vessel making the transhipment, it is not his *duty* to take back the goods which he has properly transhipped, nor to revive the obligation which has been discharged, to carry them to their destination on his own vessel. Nor is he, or the owners of that vessel, liable for the subsequent destruction of the goods on another vessel, upon the mere ground that he did not take them back on his own vessel after he had *properly* transhipped them : · On the contrary, the true principles applicable to such a case may easily be collected from the following extracts from high authority: "Transhipment, for the place of destination, if it be practicable, is the *first* object, because that is in furtherance of the original purpose; if that be impractable, return, or a safe deposit, may be expedient." * * "If on the high seas the ship be in imminent danger of sinking, and another ship, apparently of sufficient ability, be passing by, the master may remove the cargo into such ship ; and although his own ship happen to outlive the storm, and the other perish with the cargo, he will not be answerable for the loss." * * "If, by any disaster happening in the course of his voyage, he is unable to carry the goods to the place of destination, or to deliver them there," * * * "in general, it may be said he is to do that which a wise and prudent man will think most conducive to the benefit of all concerned." Abbott on Shipping, marg. pages 365 to 370, and the notes by Mr. Justice Story, and J. C. Perkins, Esq.; Jordan v. Warren Ins. Co., 1 Story's C. C. Rep. 342; Flanders on Shipping, pp. 190 to 193, 245, 248; The Gratitudine, 3 Rob. (Eng. Adm.) R. 240 ; Lawrence v. Minturn, 17 How. (U. S.) Rep. 100, 110.

The third charge of the court below is too exacting. It

denies the discretion and right to the master accorded to him by law. It is not defensible upon principle or authority. For the error in giving that charge, the judgment of the court below is reversed, and the cause remanded.

*Per Curiam.* (March 9, 1859.) The foregoing opinion, prepared by the late chief-justice, is adopted as the opinion of the present court.